

JUDGE BUCHWALD        06 CV 913

Filed
2/6/06 mr

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHINATOWN VOTER EDUCATION ALLIANCE, )
YOUNG KOREAN AMERICAN SERVICE AND )
EDUCATION CENTER, INC., KOREAN AMERICAN )
VOTERS' COUNCIL, CHINESE AMERICAN )
VOTERS ASSOCIATION, and BYUNG SOO PARK, )
FUN MAE CHIN ENG, SHINY LIU, KIT FONG YEUNG )
and YOUNG SOOK NA, )
                                  )
       Plaintiffs,                )
                                    )     CIVIL ACTION NO.
         v.                     )
                                    )
JOHN RAVITZ, in his official capacity as )
Executive Director of the Board of Elections in the )     COMPLAINT
City of New York; TERRENCE C. O'CONNOR, )
JOSEPH SAVINO, ANTHONY COMO, )
JEANNETTE GADSON, NERO GRAHAM, JR., )
NANCY MOTTOLA-SCHACHER, JAMES J. SAMPEL, )
GREGORY SOUMAS, and FREDERIC M. UMANE, )
and MARYANN YENNELLA, in their officials )
capacities as Commissioners of Election, )
                                      )     (     )
       Defendants.             )
                                      )

## COMPLAINT

Plaintiffs, by their undersigned attorneys, Kenneth Kimerling and Glenn D. Magpantay of

the Asian American Legal Defense and Education Fund ("AALDEF") and Steven Alan Reiss

and Ryan P. Poscablo of Weil, Gotshal & Manges LLP, as and for the Complaint, allege:

1.     Plaintiffs file this action seeking injunctive and declaratory relief pursuant to the

Voting Rights Act of 1965, in its provisions requiring bilingual language assistance ("Section

203") and entitling voters to receive assistance by persons of their choice ("Section 208"), as

amended, 42 U.S.C. §§ 1973aa-1a, 1973aa-6 and 42 U.S.C. § 1983.

2.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343.

## VENUE

3.     Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4.     Plaintiff Chinatown Voter Education Alliance ("CVEA") is a not-for-profit organization, founded in 1983, whose community activities include promoting Chinese American involvement in electoral processes. It desires to protect the rights of its constituents under the Voting Rights Act of 1965.

5.     Plaintiff Young Korean American Service and Education Center, Inc. ("YKASEC") is a not-for-profit organization that has been serving the Korean American community of New York since 1984. It emphasizes meeting the needs of limited English proficient Korean Americans and encouraging Korean American civic participation. It desires to protect the rights of its constituents under the Voting Rights Act of 1965.

6.     Plaintiff Korean American Voters' Council ("KAVC") is a not-for-profit organization that has been serving the Korean American community of New York since 1996. It educates and registers qualified voters in the Korean American community of the New York metropolitan area. It desires to protect the rights of its constituents under the Voting Rights Act of 1965.

7.     Plaintiff Chinese American Voters Association ("CAVA") is a not-for-profit organization, founded in 1982, to advance the political awareness, voter registration, and voter education of Chinese Americans. It desires to protect the rights of its constituents under the Voting Rights Act of 1965.

8.     CVEA, YKASEC, KAVC, and CAVA ("Organizational Plaintiffs") are

"organizations representing members of the applicable language minority groups." See 28 C.F.R. § 55.16.

9. Plaintiff Byung Soo Park ("Park") is a Korean American, limited English proficient, registered voter who resides in Queens County. He desires to participate in the electoral process equally with other citizens. He desires to preserve his rights under the Voting Rights Act of 1965.

10. Plaintiff Fun Mae Chin Eng ("Eng") is a Chinese American, limited English proficient, registered voter who resides in New York County. She desires to participate in the electoral process equally with other citizens. She desires to preserve her rights under the Voting Rights Act of 1965.

11. Plaintiff Shiny Liu ("Liu") is a Chinese American, limited English proficient, registered voter who resides in Queens County. She desires to participate in the electoral process equally with other citizens. She desires to preserve her rights under the Voting Rights Act of 1965.

12. Plaintiff Kit Fong Yeung ("Yeung") is a Chinese American, limited English proficient, registered voter who resides in New York County. She desires to participate in the electoral process equally with other citizens. She desires to preserve her rights under the Voting Rights Act of 1965.

13. Plaintiff Young Sook Na ("Na") is a Korean American, limited English proficient, registered voter who resides in Queens County. She desires to participate in the electoral process equally with other citizens. She desires to preserve her rights under the Voting Rights Act of 1965.

14. Defendant John Ravitz is Executive Director of the Board of Elections in the City

New York. Defendant Ravitz is sued in his official capacity.

15.     Defendant Terrence C. O'Connor is Board President and a Commissioner of Elections on the Board of Elections in the City of New York.  Defendant O'Connor is sued in his official capacity.

16.     Defendant Joseph Savino is Board Secretary and a Commissioner of Elections on the Board of Elections in the City of New York.  Defendant Savino is sued in his official capacity.

17.     Defendant Anthony Como is a Commissioner of Elections on the Board of Elections in the City of New York.  Defendant Como is sued in his official capacity.

18.     Defendant Jeannette Gadson is a Commissioner of Elections on the Board of Elections in the City of New York.  Defendant Gadson is sued in her official capacity.

19.     Defendant Nero Graham, Jr. is a Commissioner of Elections on the Board of Elections in the City of New York.  Defendant Graham is sued in his official capacity.

20.     Defendant Nancy Mottola-Schacher is a Commissioner of Elections on the Board of Elections in the City of New York.  Defendant Mottola-Schacher is sued in her official capacity.

21.     Defendant James J. Sampel is a Commissioner of Elections on the Board of Elections in the City of New York.  Defendant Sampel is sued in his official capacity.

22.     Defendant Greg Soumas is a Commissioner of Elections on the Board of Elections in the City of New York.  Defendant Soumas is sued in his official capacity.

23.     Defendant Frederic M. Umane is a Commissioner of Elections on the Board of Elections in the City of New York.  Defendant Umane is sued in his official capacity.

24.     Defendant Maryann Yennella is a Commissioner of Elections on the Board of

4

Elections in the City of New York.  Defendant Yennella is sued in her official capacity.

## ALLEGATIONS

25.      New York, Kings, and Queens Counties are covered under Section 203 of the Voting Rights Act of 1965, as amended, for Chinese language assistance, and Queens County is covered under Section 203 for Korean language assistance, as designated by the Director of the Census (the "Director").  The Director determined, based on the 2000 Census, that more than 10,000 voting-age citizens in these counties are members of a single language minority group (Chinese or Korean) who do not speak or understand English well enough to participate in the English-language election process and, as a group, have an illiteracy rate that is higher than the national illiteracy rate.  See 42 U.S.C. § 1973aa-1a(b)(2); see also 67 Fed. Reg. 48,871 (July 26, 2002).  The determination of the Census Bureau that New York, Kings, and Queens Counties are covered by Section 203 for Chinese, and that Queens County is covered by Section 203 for Korean, is final and is "not subject to review in any court." See 42 U.S.C. § 1973aa-1a(b)(4).

26.      New York, Kings, and Queens Counties have been continuously covered under Section 203 to provide bilingual elections in Chinese since September 18, 1992.  See 57 Fed. Reg. 43,213 (Sept. 18, 1992); 67 Fed. Reg. 48,871 (July 26, 2002).  Queens County has been continuously covered under Section 203 to provide bilingual elections in Korean since July 26, 2002.  See 67 Fed. Reg. 48,871 (July 26, 2002).

27.      Because New York, Kings, and Queens Counties are subject to the requirements of Section 203, "any registration or voting notice, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots" that Defendants provide in English must also be furnished in Chinese in New York, Kings, and Queens Counties so that Chinese American voters can be effectively informed of and participate in all voting-

related activities. See 42 U.S.C. § 1973aa-1a

28.    Because Queens County is subject to the requirements of Section 203, "any registration or voting notice, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots" that Defendants provide in English must also be furnished in Korean in Queens County so that Korean American voters can be effectively informed of and participate in all voting-related activities. See 42 U.S.C. § 1973aa-1a.

29.    Under Section 203, translated "materials and assistance should be provided in a way designed to allow members of applicable minority groups to be effectively informed of and participate effectively in voting-connected activities." See 28 C.F.R. § 55.2 (1).

30.    A jurisdiction is likely to achieve compliance under Section 203 "if it has worked with the cooperation of and to the satisfaction of organizations representing members of the applicable language minority groups." See 28 C.F.R. § 55.16.

31.    On October 19, 1993, the Board of Elections in the City of New York devised and adopted a Section 203 compliance plan for Chinese language assistance. That plan, with certain changes made on December 14 and 16, 1993 and August 29, 1994, was precleared by the U.S. Attorney General pursuant to Section 5 of the Voting Rights Act of 1965. 42 U.S.C. § 1973c. The plan, with the changes, remains in effect to this day.

32.    Beginning on January 1, 1984, all of New York City became subject to the requirements of Section 208 of the Voting Rights Act of 1965, as amended. Under Section 208, "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice." 42 U.S.C. § 1973aa-6. Voters who cannot read or write English have the right to such assistance.

33.    Since at least 1998, the U.S. Attorney General has appointed federal observers

6

pursuant to Section 5 to monitor many elections in New York and Kings Counties for compliance with Section 203 for Chinese language assistance. Observers have found a number of violations of Section 203. Upon information and belief, attorneys from the U.S. Department of Justice ("DOJ") have provided these findings to Defendants soon after each election.

34.    Since 1998, the U.S. Attorney General has repeatedly appointed federal observers pursuant to Section 5 to monitor elections in New York and Kings Counties for compliance with Section 203 for Chinese language assistance and Section 208. Observers have found a number of violations of Sections 203 and 208. Upon information and belief, DOJ attorneys have provided these findings to Defendants soon after each election. Further, upon information and belief, DOJ Attorneys often conducted follow-up meetings with Defendants to review Defendants' efforts to remedy violations and to ensure compliance. Such follow up was conducted a few months prior to each election cycle.

35.    Since 2001, the U.S. Attorney General has repeatedly authorized attorneys to monitor elections in Queens County for compliance with Section 203 for Chinese and Korean language assistance and Section 208. Attorneys have found a number of violations of Sections 203 and 208. Upon information and belief, DOJ attorneys have provided these findings to Defendants soon after each election. Further, upon information and belief, DOJ Attorneys often conducted follow-up meetings with Defendants to review Defendants' efforts to remedy violations and to ensure compliance. Such follow up was conducted a few months prior to each election cycle.

36.    In every major election since 1994, Organizational Plaintiffs and other community groups have monitored elections in New York, Kings, and Queens Counties for compliance with Sections 203 and 208. Plaintiffs' monitors have found a number of violations

of Sections 203 and 208. Defendants were made aware of these violations shared through

complaint letters that highlighted specific violations of Sections 203 and 208 at specific poll sites

and/or election districts. Letters were sent reviewing observations during the Primary and

General elections for each year in 2005, 2004, 2003, 2002, 2001, 2000, 1998, and other years.

37.    In every year since at least 1998, the New York City Voter Assistance

Commission had held an official hearing for the public to report voting barriers and other

election problems. Defendant Executive Director of the Board of Elections and Defendants'

counsel, the Corporation Counsel of the City of New York, are ex-officio members of the

Commission. Organizational Plaintiffs, community groups, and other voters have reported on

violations of Sections 203 and 208 at the Commission's hearings, and through the hearings, have

brought them to the direct attention of Defendants and Defendants' counsel.

38.    Because of Defendants' failure to provide voting information in the voters'

languages and/or dialects, limited English proficient Chinese and Korean Americans, like Park,

Eng, Liu, Yeung , and Na (collectively, "Voter Plaintiffs"), encountered difficulties in exercising

their right to vote, were unaware of legally-required language assistance, and faced difficulty in

effectively voting in their languages and/or dialects. Their complaints were provided to

Defendants through letters from Plaintiff's Attorney, AALDEF, and Organizational Plaintiffs.

39.    All of the complaints given to Defendants by Organizational Plaintiffs and Voter

Plaintiffs detailed how Defendants have not provided effective election-related materials,

information, and/or assistance in Chinese or Korean to limited English proficient Chinese and

Korean Americans as required by Section 203, including, but not limited to, the following:

(a)    failing to adequately train poll workers about legally-required language assistance

options and procedures and voters' rights to language assistance resulting in

NY1:\1374118\02\TG9Y02!.DOC\99995.2416

missing translated materials and signs, translated materials being hidden from voters, and signs posted in obscure locations, if at all;

(b)    failing to train and provide adequate numbers of interpreters and bilingual poll inspectors to assist limited English proficient Chinese and Korean Americans at poll sites resulting in Asian Americans being turned away from voting for the lack of anyone to assist them;

(c)    failing to make telephone assistance available in Chinese (both in Cantonese and Mandarin dialects) and Korean;

(d)    failing to translate into Chinese and Korean the Board of Elections website;

(e)    failing to provide adequately translated and effective notices to voters, confirming their registrations and informing them of their poll sites, election districts, and legislative districts resulting in confusion and the inability of Chinese and Korean Americans to vote or inability to ensure that their votes will be counted;

(f)    failing to provide adequately translated, effective, and conspicuous notices to voters, informing them about changes to their poll sites and election districts resulting in confusion and the inability of Chinese and Korean Americans to vote or inability to ensure that their votes will be counted;

(g)    failing to effectively disseminate election-related publicity, notices, and announcements in the Chinese and Korean language media;

(h)    failing to adequately publicize the availability of language assistance at poll sites through posted translated signs;

(i)    failing to provide readable and correctly translated ballots in Chinese and Korean, including the proper transliterations of candidates' names; and

NY1:\1374118\02\TG9Y02!.DOC\99995.2416

(j)     failing to effectively develop an effective election district and poll site targeting plan and methodology for translated materials, interpreters, and bilingual poll inspectors so that language minority group members may receive and access all election-day materials and information in Chinese and Korean.

40.     Moreover, in conducting elections in the City of New York, Defendants have deviated from their Section 203 compliance plan established in 1993, which was approved under Section 5 by the U.S. Attorney General.  That plan includes many of the remedies that Plaintiffs seek in this action.

41.     All of the complaints given to Defendants through individual complaint letters from Plaintiff's Counsel, AALDEF, in the years 2005, 2004, 2003, 2002, 2001, 2000, 1998, and other years detailed how Defendants have not ensured that Asian Americans who required assistance to vote by reason of their inability to read or write English are permitted to receive assistance by persons of their choice as required by Section 208, including, but not limited to, the following:

(a)     failing to adequately train poll officials on voters' right to assistance;

(b)     failing to allow Asian Americans who are unable to read the ballot and who need voting assistance to have persons of their choice assist them inside voting booths;

(c)     failing to allow Asian Americans who receive assistance to vote privately; and

(d)     failing to allow Asian Americans to receive assistance without interference.

42.     All of the complaints shared with Defendants detailed other barriers that culminated in the inability of Asian Americans to effectively participate in the electoral process, including:

(a)     racist remarks and gestures against Asian Americans by poll workers;

(b)    unequal, disrespectful, or hostile treatment of Asian Americans by poll workers;

(c)    requiring Asian Americans to provide unnecessary identification, and sometimes even requiring naturalization certificates, in order to vote;

(d)    changing the poll sites and election districts of Asian Americans without adequately notifying them of changes; and

(e)    redirecting Asian Americans to improper poll sites and election districts.

43.    Organizational Plaintiffs, voters, and community groups, along with attorneys from the DOJ, have experienced many years of frustration in seeking to remedy Defendants' failure to meet the requirements of Sections 203 and 208. They complained to Defendants about the failure to provide effective language assistance to Chinese and Korean Americans and the failure to allow Asian Americans to be assisted by persons of their choice. Complaints were given to Defendants after almost every major election since 1998. These complaints have, for the most part, gone unanswered. Out of several complaint letters from AALDEF to the Defendants regarding complaints and violations that occurred during the Primary and General Elections for each year in 2005, 2004, 2003, 2002, 2001, 2000, 1998, and other years, Defendants have responded only once.

## FIRST CAUSE OF ACTION

44.    Plaintiffs hereby reallege and incorporate by paragraphs 1 through 43.

45.    Defendants have not provided effective election-related materials, information, and/or assistance in Chinese or Korean to limited English proficient Chinese and Korean Americans as required by Section 203.

46.    Defendants have deviated from their Section 203 compliance plan established in 1993, which was approved under Section 5 by the U.S. Attorney General.

NY1:\1374118\02\TG9Y02'.DOC\99995.2416

47.     Defendants' failure to provide limited English proficient Chinese and Korean Americans in the City of New York with Chinese and Korean language election-related information constitutes a violation of Section 203 and 42 U.S.C. § 1983.

48.     Unless enjoined by this Court, Defendants will continue to violate Section 203 by failing to provide the City of New York's limited English proficient Chinese and Korean Americans with Chinese and Korean language election information and assistance.

## SECOND CAUSE OF ACTION

49.     Plaintiffs hereby reallege and incorporate by paragraphs 1 through 48.

50.     Defendants have not ensured that Asian Americans who required assistance to vote by reason of their inability to read or write English are permitted to receive assistance by persons of their choice as required by Section 208.

51.     Defendants' failure to ensure that Asian Americans who need assistance to vote are permitted to receive assistance, constitutes a violation of Section 208 and 42 U.S.C. § 1983.

52.     Unless enjoined by this Court, Defendants will continue to violate Section 208 by failing to ensure that Asian Americans are permitted to receive assistance from the person of their choice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter an order:

(1)     With respect to Plaintiffs' First Cause of Action:

(a)     Declaring that Defendants have failed to provide Chinese and Korean language election information and assistance to limited English proficient Chinese and Korean Americans in violation of Section 203 of the Voting Rights Act, 42 U.S.C. § 1973aa-1a;

NY1:\1374118\02\TG9Y02!.DOC\99995.2416

(b)     Enjoining Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from failing to provide Chinese and Korean language election information and assistance to limited English proficient Chinese and Korean Americans as required by Section 203, 42 U.S.C. § 1973aa-1a;

(c)     Requiring Defendants to take such actions as will ensure that limited English proficient Chinese and Korean Americans are effectively informed of and able to participate effectively in all phases of the electoral process, in compliance with Section 203, 42 U.S.C. § 1973aa-1a;

(d)     Requiring Defendants to devise, publicize, and implement a remedial plan to ensure that limited English proficient Chinese and Korean Americans are able to participate in all phases of the electoral process as required by Section 203, 42 U.S.C. § 1973aa-1a; and

(2)     With respect to Plaintiffs' Second Cause of Action:

(a)     Declaring that Defendants have failed to ensure that Asian Americans who need voting assistance are permitted to receive assistance from persons of their choice in violation of Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6;

(b)     Enjoining Defendants, their employees, agents, and successors in office, and all persons acting in concert with them, from failing to allow Asian Americans to have the persons of their choice assist them at the polls as required by Section 208, 42 U.S.C. § 1973aa-6; and

(c)     Requiring Defendants to devise, publicize, and implement voter assistance procedures and practices that will ensure that Asian Americans, who require

13

assistance to vote are permitted to have the persons of their choice assist them at the polls as required by Section 208, 42 U.S.C. § 1973aa-6.

(6)   With respect to both of Plaintiffs' Causes of Action, declaring that any remedial plan to provide language assistance, and all voting changes, policies, procedures and practices implemented pursuant to this Court's order satisfy Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

(7)   Awarding Plaintiffs the costs and disbursements associated with the filing and maintenance of this action together with their reasonable attorneys' fees, pursuant to 42 U.S.C. § 1973(e) and 1988; and

(8)   Granting Plaintiffs any other equitable and further relief as this Court deems just and proper.

(Signatures on following page.)

NY1:\1374118\02\TG9Y02!.DOC\99995.2416

Date: 1st day of February, 2006.

Kenneth Kimerling (KK5762)
Glenn D. Magpantay (GM9120)
Attorneys for Plaintiffs
Asian American Legal Defense and Education Fund
99 Hudson Street, 12th floor
New York, New York 10013-2815
(212) 966-5932


Steven Alan Reiss (SR5889)
Ryan P. Poscablo (RP8496)
Attorneys for Plaintiffs
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

15